IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT STEVEN MCINTEE,            )
                                  )
                 Petitioner,      )     Civil No. 06-384-HO
                                  )
         v.                       )     O R D E R
                                  )
CHARLES DANIELS, Warden,          )
                                  )
                 Respondent.      )

        Petitioner is currently imprisoned at the Federal Correctional

Institute at Sheridan, Oregon (FCI).    Petitioner brings this

proceeding seeking relief pursuant to 28 U.S.C. § 2241 asserting

that the warden has committed a breach of contract which negatively

affects the conditions of his confinement.    Accordingly, petitioner

contends his due process, equal protection, and Eighth Amendment

rights have been violated.

        Petitioner alleges that on December 9, 2004, he entered into

an "inmate financial contract" in which he agreed to submit

payments of $25 per quarter toward the satisfaction of court

imposed fines and fees.  Petitioner alleges that On June 9, 2005, FCI staff insisted petitioner enter into a new agreement increasing the payments to $50 per month.  Petitioner contends that he was unable to meet the increased payment requirement and the FCI staff erroneously interpreted this inability as a refusal to participate in the financial responsibility program (FRP) and placed petitioner on FRP refusal status.  Despite petitioner's requests to be placed on compliant status, FCI continued petitioner on refusal status.

Petitioner requests an order directing he be removed from FRP refusal status, redesignated for preferred housing status, granted appropriate pay grade and commissary spending limits, reinstated to job placement in UNICOR with pay reflective of pay increases he would have received, and compensated him for lost pay.  Petitioner also requests that the court to require FCI to comply with the December 9, 2004, "inmate financial contract."

The record reflects that petitioner has had his inmate financial program responsibility status reviewed several times during his incarceration at FCI Sheridan.  Petitioner at various times has been assessed with an ability to pay at $25 per quarter, $30 per month,  and more than $50 but less than $100 per quarter. Petitioner had previously been placed on refusal status in November of 2003.

2 - ORDER

The inmate financial responsibility program is designed to encourage each sentenced inmate to meet his legitimate financial obligations. 28 C.F.R. § 545.10.

> As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting those obligations, and at subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility.

Id.

> The inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff. Payments may be made from institution resources or non-institution (community) resources. In developing an inmate's financial plan, the unit team shall first subtract from the trust fund account the inmate's minimum payment schedule for UNICOR or non-UNICOR work assignments, set forth in paragraphs (b)(1) and (b)(2) of this section. The unit team shall then exclude from its assessment $75.00 a month deposited into the inmate's trust fund account. This $75.00 is excluded to allow the inmate the opportunity to better maintain telephone communication under the Inmate Telephone System (ITS).
>
>> (1) Ordinarily, the minimum payment for non-UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter. This minimum payment may exceed $25.00, taking into consideration the inmate's specific obligations, institution resources, and community resources.
>>
>> (2) Inmates assigned grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their monthly pay to the payment process. Any allotment which is less than the 50% minimum must be approved by the Unit Manager. Allotments may also exceed the 50% minimum after considering the individual's specific obligations and resources.

28 C.F.R. § 545.11(b).

3 - ORDER

"Participation and/or progress in the Inmate Financial Responsibility Program will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 U.S.C. § 545.11(c). The program is voluntary, but

Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following:

(1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;

(2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);

(3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

(4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

(5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;

(6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;

4 - ORDER

(7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);

(8) The inmate will not be placed in a community-based program;

(9) The inmate will not receive a release gratuity unless approved by the Warden;

....

(11) The inmate will not receive an incentive for participation in residential drug treatment programs.

28 C.F.R. § 545.11(d).

This program has withstood constitutional challenges, Weinberger v. United States, 268 F.3d 346, 360-61 (6th Cir. 2001), and petitioner's arguments do not convince this court otherwise. Petitioner provides no authority demonstrating a constitutional right to certain prison jobs or the other privileges he contends have been unlawfully denied.

Petitioner's apparent contention that he has a contractual right to force the BOP to apply the ability to pay determination of December 9, 2004, is not supported by the regulations. Petitioner disagrees with FCI's determination of his ability to pay because he contends that he will not receive similar amounts of money that the determination was based upon in the future. However, the program provides for varying levels of inmate income through periodic reviews which as the record demonstrates has occurred. Indeed, according to petitioner, FCI has recently reviewed his ability to

5 - ORDER

pay and required payments were reduced to $25 per quarter and petitioner was removed from refusal status. Reply (#10 at p. 7. Accordingly, the request for relief pursuant to 28 U.S.C. § 2241 is denied.

<u>CONCLUSION</u>

For the reasons stated above, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1) is denied and this proceeding is dismissed.

DATED this __27th__ day of August, 2006.

__ s/ Michael R. Hogan_____
United States District Judge

6 - ORDER